UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE ESTATE OF JAMES F. BRUTSCHE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FEDERAL WAY, et al., <br><br> Defendants. | No. C05-1538Z <br><br> ORDER |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration, docket no. 115. On December 14, 2006, the Court entered an Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss[1] "Uninvolved" Defendants. Order, docket no. 113. Pursuant to Local Rule CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to the attention of the Court earlier with reasonable diligence. Plaintiffs argue manifest error. The Court considers each argument below.

---

[1] Though entitled a motion to dismiss, the Court analyzed the motion under the summary judgment standard.

ORDER 1–

## **Plaintiffs' Fourth Amendment Claim Against Officer Adam**

Plaintiffs move the Court to reconsider the dismissal of defendant Officer Adam from the Fourth Amendment cause of action regarding James Brutsche (Plaintiffs' First Cause of Action, Am. Compl., docket no. 2, ¶¶ 134-36). The Court acknowledges the inconsistency in the Court's Order on the issue of whether Officer Adam was present in the trailer. Compare Order at 8 n.4 with Order at 11, lines 12-15. The Court holds that Plaintiffs have provided evidence, described below, that raises a genuine issue of material fact as to whether Officer Adam was present in the trailer, and thus may have had an opportunity to intervene.

First, Officer Adam is designated as a member of the "main entry team" in the operations order, which calls upon eight officers, including Officer Adam as No. 7, to "enter and clear residence." Muenster Aff., docket nos. 71, Ex. I at 986, 990. Second, the "[t]arget location is [a] one-story trailer." Id. Ex. J at 970. Third, Officer Adam's incident summary report states that he "[w]as assigned to entry team as breacher. . . . I breached slider door with Haligan tool. *Cleared main target area. . . .*" Muenster Aff., docket nos. 70, Ex. O at 2136 (emphasis added). Plaintiffs assert, and Defendants do not contest, that the police use the word "clear" to refer to a search of a building in order to locate subjects within and take them into custody. Pls.' Mot. at 3 n.8. Fourth, Officer Adam indicates in his incident summary report that he "encountered" James Brutsche and that the "suspect injured" was James Brutsche. Muenster Aff., docket no. 70, Ex. O at 2136. Officer Adam made these indications pursuant to instructions on the incident summary form directing an officer to "check all that apply *to you*." Id. (emphasis added). Fifth, one of the persons in the trailer at the time of the incident has testified by deposition that he saw "six to seven [officers come into the trailer], possibly – possibly an eighth one towards the last few moments." Id., Ex. Y (Ulrich Dep.) at 33:25-34:3.

In viewing the evidence in the light most favorable to Plaintiffs, the Court draws an inference from this evidence that Officer Adam entered the trailer with the entry team and

ORDER  2–

1 was present when the injuries were inflicted on Jim Brutsche.  Accordingly, the Court

2 GRANTS IN PART Plaintiffs' Motion for Reconsideration and VACATES the Court's prior

3 dismissal of defendant Officer Adam from the Fourth Amendment cause of action regarding

4 James Brutsche.[2]

**Plaintiffs' Section 1983 Conspiracy Liability**

6 The Court rejected Plaintiffs' Section 1983 conspiracy liability theory, as follows:

7 "Admittedly, an agreement existed to raid Jim Brutsche's home; however, there is no

8 evidence that an agreement to utilize excessive force existed."  Order at 13.  The Court went

9 on: "Plaintiffs have provided neither circumstantial nor direct evidence from which to even

10 infer a police conspiracy to engage in excessive force."  Id. at 13-14.

11 Plaintiffs argue that the Court improperly imposed a specific intent burden of proof on

12 them.  Plaintiffs assert that they are not required to prove that the police specifically agreed

13 to utilize excessive force; they must only show that the police agreed to use force, and that

14 an overt act unreasonably resulted in damage.  Pls.' Mot. at 4-5 (citing Hampton v.

15 Hanrahan, 600 F.2d 600, 620-21 (7th Cir. 1979), cert. granted and case remanded on other

16 grounds, 446 U.S. 754 (1980)).  In Hampton, the Seventh Circuit held that the plaintiffs

17 offered sufficient evidence to warrant a jury determination of whether a conspiracy existed,

18 in a case in which state and federal agents raided an apartment occupied by nine Black

19 Panther Party ("BPP") members.  See Hampton, 600 F.2d at 621-22.  Plaintiffs had presented

20 evidence that the purpose of the raid may not have been to prevent violence, but rather to

21 neutralize the BPP as a political entity.  See id. at 609.

22 In the Ninth Circuit, "[t]o establish the defendants' liability for a conspiracy, a

23 plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate

24 constitutional rights."  Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301

25 (9th Cir. 1999) (internal citations and quotations omitted).  "The defendants must have by

26

---

[2] The Court does not reach the second "proximate cause" issue raised by Plaintiffs.

ORDER   3–

some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage." Id.  In Mendocino, the plaintiffs provided sufficient circumstantial evidence that the police, in a conspiracy with the FBI, arrested plaintiffs to punish and chill their First Amendment rights.  Id. at 1302.

In the present case, Plaintiffs have provided no argument or evidence, direct or circumstantial, that Defendants agreed to violate Jim Brutsche's constitutional rights or that the raid was intended to accomplish an unlawful objective.  The Court DENIES IN PART Plaintiffs' Motion for Reconsideration and declines to change the Court's prior grant of summary judgment as to Plaintiffs' civil conspiracy claim.[3]

### The Estate of James Brutsche's Claim Under the Fourteenth Amendment

Plaintiffs move the Court to reconsider its ruling dismissing the Estate's claim under the Fourteenth Amendment for James Brutsche's loss of the love, companionship and society of his parents (Plaintiffs' Fourth Cause of Action, Am. Compl. ¶¶ 160-64), in light of the fact that Defendants only moved to dismiss the Fourteenth Amendment claim alleged by James Brutsche's parents, Pat and Norma Brutsche (id. ¶¶ 165-69).  See Defs.' Mot., docket no. 60, at 10.  Defendants do not oppose Plaintiffs' motion on this issue.  Accordingly, the Court GRANTS IN PART Plaintiffs' Motion for Reconsideration and REINSTATES the Estate of James Brutsche's claim under the Fourteenth Amendment.

### Plaintiffs' Fourteenth Amendment Claim Against Officer Adam

Plaintiffs move the Court to reconsider its dismissal of Officer Adam from the Estate's Fourteenth Amendment due process claim.  As discussed above, Plaintiffs have raised a genuine issue as to whether Officer Adam was present in the trailer.  Defendants do not oppose Plaintiffs' motion on this issue.  Accordingly, the Court GRANTS IN PART

---

[3] This ruling presupposes that Plaintiffs have alleged a claim for civil conspiracy, which is not entirely clear in this case.  To the extent such a claim has been alleged, the Court dismisses the claim.

ORDER   4–

Plaintiffs' Motion for Reconsideration and VACATES the Court's prior dismissal of defendant Officer Adam from the Estate's Fourteenth Amendment due process claim.

**<u>Conclusion</u>**

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Reconsideration, docket no. 115.

IT IS SO ORDERED.

DATED this 15th day of February, 2007.

s/ Thomas S. Zilly

_____
THOMAS S. ZILLY
United States District Judge

ORDER   5–